IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACKLIN HALL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-597 |
| | § | |
| PROPERTY AND CASUALTY INSURANCE | § | |
| COMPANY OF HARTFORD, VERONICA | § | |
| JONES, and SHARON RYAN, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending is Defendant Property and Casualty Insurance Company of Hartford's ("Hartford") Motion to Compel Appraisal (Document No. 8). After having reviewed the motion, response, and the applicable law, the Court concludes that the motion to compel appraisal should be granted, and the case abated.

Plaintiff does not dispute that her homeowner's insurance policy with Hartford (the "Policy") contains an appraisal provision:

> **Appraisal.** If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraisers will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the **residence premises** is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. I [sic] they

fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss. Each party will: a. Pay its own appraiser; and b. Bear the other expenses of the appraisal and umpire equally.[1]

Nonetheless, Plaintiff argues that: (1) Hartford first must produce a "record of what it considers to be in disagreement between the parties concerning the amount of loss" before it can invoke the appraisal clause and (2) that even if the appraisal is granted, abatement of this action is not required and would be improper in this case.[2]

Plaintiff's first argument that an insurer must present a record of particular items of loss as to which there is

_____

[1] Document No. 8-1, ex. A at 15 (emphasis in original).

[2] *See* Document No. 18 at 2, 15-17. Plaintiff makes no cogent argument that Hartford waived its right to compel appraisal, but she mentions waiver multiple times in passing. *See, e.g.*, id. at 2, 13-14. To the extent Plaintiff advances a waiver argument based upon delay of the demand for appraisal, it is unavailing. To establish waiver of an appraisal clause, "a party must show that an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." In re Universal Underwriters of Tex. Ins. Co., --- S.W.3d ----, 2011 WL 1713278, at *6 (Tex. May 6, 2011). Even if Plaintiff were able to show an impasse, Plaintiff has made no showing of prejudice because of delay given the fact that under the Policy "either [party] may demand an appraisal of the loss."

> [I]t is difficult to see how prejudice could ever be shown when the policy, like the one here, gives both sides the same opportunity to demand appraisal. If a party senses that impasse has been reached, it can avoid prejudice by demanding an appraisal itself.

Id. at *7.

disagreement before invoking the appraisal clause has no foundation in the appraisal clause itself.  Likewise, there is no language elsewhere in the Policy requiring the "condition precedent" that Plaintiff asks the Court to read into the Policy.[3]  The Court must apply the terms of the insurance contract as it is written.  *See* RSR Corp. v. Int'l Ins. Co., 612 F.3d 851, 858 (5th Cir. 2010) ("Texas courts interpret insurance policies according to the rules of contractual construction.  Texas courts give contractual terms 'their plain, ordinary, and generally accepted meaning unless the instrument shows that the parties used them in a technical or different sense.'  Unambiguous contracts are enforced as written." (internal citations omitted)).  Here, where the appraisal clause is clear and unambiguous, grants to both the insured and the insurer the right to "demand an appraisal of the loss," and specifically states only one condition precedent to either party demanding appraisal, namely, a "fail[ure] to agree on the amount of loss," the Court cannot impose an additional condition precedent on either party.  Plaintiff's argument has no merit in fact or law.

Plaintiff's second contention is that even if Hartford's appraisal demand is proper, abatement is nevertheless improper. Plaintiff makes a general argument against abatement, although she also makes the connected contention that if abatement is granted,

---

[3]   Although Plaintiff argues that this obligation is contractually required, she points to no language in the Policy itself that would support such a conclusion.

it should only apply to Plaintiff's contract claims and not the entire suit.[4]

There is a long line of case law supporting the argument that appraisal is a condition precedent to suit. *See* State Farm Lloyds v. Johnson, 290 S.W.3d 886, 894 (Tex. 2009) ("[A]ppraisal is intended to take place before suit is filed; this Court and others have held it is a condition precedent to suit." citing Scottish Union & Nat'l Ins. Co. v. Clancy, 8 S.W. 630, 631-32 (Tex. 1888)); Am. Cent. Ins. Co. v. Terry, 26 S.W.2d 162, 166 (Tex. Comm'n App. 1930); Vanguard Underwriters Ins. Co. v. Smith, 999 S.W.2d 448, 450-51 (Tex. App.--Amarillo 1999, no pet.); Providence Lloyds Ins. Co. v. Crystal City Indep. Sch. Dist., 877 S.W.2d 872, 878 (Tex. App--San Antonio 1994, no writ)). However, trial courts do have some discretion in determining whether to abate proceedings while awaiting the outcome of the appraisal. *See* In re Allstate Cnty. Mut. Ins. Co., 85 S.W.3d 193, 196 (Tex. 2002) (distinguishing appraisal and abatement and finding that even though a trial court's refusal to enforce an appraisal provision was subject to mandamus, the refusal to abate was not because "[w]hile the trial court has no discretion to deny the appraisal, the court does have some discretion as to the timing of the appraisal"); *see also* Bakhtiari v. Am. Bankers Ins. Co. of Fla., No. H-10-3866, 2011 WL 1542830, at *4 (S.D. Tex. Apr. 22, 2011) (Atlas, J.) ("[T]he Court

---

[4] *See* Document No. 16 at 3.

exercises its discretion to grant [defendant's] request that the case be abated.").

In this case, abatement pending appraisal is warranted and appropriate. Appraisal will set the amount of loss conclusively, and may dispose of Plaintiff's breach of contract claims entirely. *See* In re Allstate Cnty. Mut. Ins. Co., 85 S.W.3d at 196 (noting that "if the appraisal determines that the vehicle's full value is what the insurance company offered, there would be no breach of contract," and concluding that "[a] refusal to enforce the appraisal process here will prevent the defendants from obtaining the independent valuations that could counter at least the plaintiffs' breach of contract claim"). The appraisal may obviate the need for further litigation, with all of the burdens and costs of pretrial discovery and the like; and if not, then in due season what remains to be litigated can proceed with efficient focus by the parties upon the specific issues remaining. *See, e.g.*, Liberty Nat'l Fire Ins. Co. v. Akin, 927 S.W.2d 627, 629 (Tex. 1996) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract."). Indeed, Plaintiff will have suffered no prejudice should she prevail in the appraisal process; her claims will remain intact. Abatement of the entire case pending appraisal is therefore in the interest of the efficient administration of justice.

Accordingly, it is hereby

ORDERED that Defendant Property and Casualty Insurance Company of Hartford's Motion to Compel Appraisal and Order (Document No. 8) is GRANTED.  It is further

ORDERED that Plaintiff and Hartford shall each designate an appraiser within twenty (20) days after the date of this Order. The two appraisers shall agree upon an umpire within fifteen (15) days thereafter.  If they cannot agree, the parties may request the Court to designate an umpire.  Pending the conclusion of the appraisal, this action is ABATED.  Within fourteen (14) days after the appraisal has been concluded, the parties shall provide to the Court a joint status report.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 28TH day of October, 2011.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

6